UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

EUGENE DEVBROW, )
 )
         Plaintiff, )
  vs. ) 1:07-cv-1355-LJM-TAB
 )
KELLY CARROLL, et al., )
 )
         Defendants. )

**Memorandum of Decision Regarding Defense
of Failure to Exhaust Administrative Remedies**

For the reasons explained in this Entry, the defendants' affirmative defense that plaintiff Eugene Devbrow ("Devbrow") failed to exhaust available administrative remedies prior to filing this lawsuit is **rejected**.

**Discussion**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), was enacted, in part, "to reduce the quantity and improve the quality of prisoner suits" and to "afford[ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002), and includes a provision which specifies that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Before the PLRA was enacted, no exhaustion requirement applied to § 1983 actions.

Devbrow's claim in this case is that the defendants failed to provide constitutionally adequate level of medical care to him at the Pendleton Correctional Facility ("Pendleton"). The defendants assert that Devbrow failed to comply with the exhaustion of administrative remedies requirement of the PLRA and sought summary judgment as to such defense. Because there was a disputed issue of fact, summary judgment was denied. Following the procedures mandated in *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008), additional discovery on the failure-to-exhaust defense was authorized and a hearing was conducted on July 8, 2009.

The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *See Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). In this case, the defendants failed to meet their burden of establishing their entitlement to judgment as a matter of law based on their motion for summary judgment, and it was this which necessitated a hearing pursuant to *Pavey.*

Devbrow contends that he properly submitted a grievance in both the spring and early summer of 2004 and that he received no response to those grievances. Thus, the question here is whether, even though the prison database does not confirm it, Devbrow presented a properly filled-out grievance form to an appropriate member of the prison staff to initiate the grievance process and if so, was that step sufficient to exhaust "available" administrative remedies.

Under *Woodford v. Ngo,* 126 S. Ct. 2378, 2382 (2006), exhaustion means proper exhaustion. That is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 2384. The area of dispute here is whether Devbrow used the grievance process at Pendleton insofar as it was available to him. "[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

The credible testimony here establishes the following: There was an administrative grievance process in effect at Pendleton. Devbrow was acquainted with this grievance process and knew how to submit grievances. Devbrow submitted two grievances regarding his medical care and received no response to either. He submitted the first grievance on the proper form and placed it in the grievance receptacle in the dining hall. Receiving no response to this grievance, he handed a second grievance to the staff person assigned to his dormitory. At that time, Pendleton was on lockdown and Devbrow was unable to go to the receptacle to file that grievance. Devbrow received no response to this second grievance. Given this testimony, the court finds that Devbrow properly filed two grievances regarding his medical care.

Devbrow used the grievance process by filing two grievances. However, there was no response to either of these. Devbrow was not instructed on how to appeal a non-response to his grievances. An appeal of the non-response was therefore not "available" to Devbrow. *Dole,* 438 F.3d at 813 ("Because Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA."); *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004)(vacating a grant of summary judgment on exhaustion grounds where the defendants failed to supply any reason for the plaintiff being refused the necessary forms); *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001) (exhaustion requirement may be satisfied where prisoner raises allegations that prison officials failed to provide him with the necessary grievance forms); *cf. Dixon v. Page,* 291 F.3d 485, 490 (7th Cir. 2002) (prisoner did not exhaust when, after he did not receive the relief he was promised, he did not appeal to the next level of review).

A prisoner who fails to appeal the denial of a grievance has nonetheless exhausted available administrative remedies if there is no adequate appeal process. *Dole,* 438 F.3d at 809. That is the case here. It is true, here, that Pendleton's grievance process explained that a prisoner would be entitled to appeal if he received no response within the established time. (Exhibit 1, page 17). But the only appeal procedure outlined in the Grievance Process is based on the assumption that the prisoner has received a response to his grievance. To initiate an appeal, a prisoner must request an appeal form by providing the Log ID Number of his original grievance (Exhibit 1, page 12), but he will not have the Log ID Number unless he has received a response to the grievance. This is because a prisoner does not retain his original grievance form and does not receive copy of that form until he receives a response. (*See* Exhibit 1, page 6, explaining that a Grievance Specialist will assign a Log ID Number upon receipt of a grievance). In short, if a prisoner receives no response to his initial grievance, he has no copy of the grievance and no Log ID Number. Without a copy of the grievance and its Log ID Number, he cannot request the appeal form and cannot initiate an appeal.

Devbrow had no instruction on how to pursue an appeal when he did not receive a response to his grievances. Therefore, that step of the administrative remedy process was not "available." *Lewis v. Washington,* 300 F.3d 829 (7th Cir. 2002) (we refuse to interpret the PLRA "so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances."). An appeal was unavailable to Devbrow.

## Conclusion

For the reasons stated above, the defendants have not met their burden of proving that Devbrow "had available remedies that [he] did not utilize." *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004). Devbrow's failure to appeal a non-response to his grievances was a result of staff's failure to properly process and/or respond to his grievances. The defendants' affirmative defense of failure to exhaust administrative remedies is therefore **rejected.**

**IT IS SO ORDERED.**

Date:   8/26/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Carol A. Dillon
SWEETIN & BLEEKE, P.C.
carol@sweetinbleeke.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com

Roger Kanne
rkanne@zcklaw.com

Ned J. Tonner
ned@tonnerlaw.com