# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

EUGENE DEVBROW,                   )
                                    )
               Plaintiff,      )
    vs.                          )       1:07-cv-1355-LJM-TAB
                                      )
KELLY CARROLL, et al.,          )
                                    )
              Defendants.    )

## Entry Reinstating Claim Against Dr. Kalu

### I.

It is well-established that a district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment. *See In re United States,* 733 F.2d 10, 13 (2d Cir. 1984). There are two sources of authority to the reconsideration of interlocutory orders.

- **The first is the court's inherent authority.** *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985)(citing *Diaz v. Indian Head, Inc.*, 686 F.2d 558, 562 (7th Cir. 1982)).

- **The second is Rule 54(b), which provides** that any order not certified under Rule 54(b) and which adjudicates fewer than all the claims as to all the parties "is subject to revision at any time before the entry of [final] judgment."

"Doctrines such as "law of the case" do not prohibit the trial judge from revisiting an earlier ruling while there is still time to prevent error."*Runyon v. Applied Extrusion Technologies, Inc.,* 619 F.3d 735, 739 (7th Cir. 2010) (citing cases).

### II.

Through his motion to reinstate defendant Dr. Eke Kalu, plaintiff Eugene Devbrow seeks reinstatement of the Eighth Amendment claim against Dr. Kalu asserted in the complaint. Without questioning the court's obligation to screen inmate complaints pursuant to 28 U.S.C. § 1915A(b) and to dismiss legally insufficient claims, the plaintiff has persuasively shown that a plausible claim based on the alleged denial of constitutionally adequate medical care is asserted against Dr. Kalu. See *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly the plaintiff's motion to reinstate defendant Dr. Kalu [89] is **granted.**

**III.**

Dr. Kalu has appeared in this action by counsel (dkt 90). Counsel shall report within 7 days whether Dr. Kalu waives the issuance and service of any process as to him, and if not, whether counsel is authorized to accept service of process on behalf of Dr. Kalu.

If Dr. Kalu waives any further steps with respect to process, he shall have **through February 28, 2011**, in which to file an answer or other responsive pleading to the Complaint (dkt 1).

**IT IS SO ORDERED.**

Date: 02/04/2011

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Samuel Mark Adams
MICHEAL K. SUTHERLIN AND ASSOCIATES
msutherlin@gmail.com

James F. Bleeke
 BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Carol A. Dillon
SWEETIN & BLEEKE, P.C.
carol@bleekedilloncrandall.com

Roger K. Kanne
ZEIGLER COHEN & KOCH
rkanne@zcklaw.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com

Ned J. Tonner
NED J. TONNER, ATTORNEY AT LAW
ned@tonnerlaw.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com